# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LORRAINE GANDIA,

      Plaintiff,

v.

HOLIDAY CVS, L.L.C.,

      Defendant.

Case No. 6:26-cv-740-JA-NWH

_____

## ORDER

This case is before the Court on review of the Notice of Removal (Doc. 1) filed by Defendant.

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

In the Notice of Removal (Doc. 1), Defendant bases subject-matter jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. But Defendant has not sufficiently alleged diversity jurisdiction.

Defendant has not properly identified Plaintiff's citizenship. Defendant

states merely that Plaintiff "is . . . a resident of the State of Florida" and that "[t]here is no dispute that Plaintiff is an Osceola County, Florida resident." (Doc. 1 ¶ 7). However, it is "domicile"—not merely "residence"—that determines an individual's citizenship for diversity purposes. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (per curiam). Defendant's allegations of "residence" are not sufficient to establish Plaintiff's citizenship.

Accordingly, it is **ORDERED** that **no later than April 13, 2026,** Defendant shall file an amended notice of removal that establishes that this Court has subject-matter jurisdiction over this case.

**DONE** and **ORDERED** in Orlando, Florida, on April ___, 2026.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

2